HONORABLE RONALD B. LEIGHTON

1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8

JEFFREY SNELLER and SHERRY MILLS
SNELLER, husband and wife,

Plaintiff,

v.

CITY OF BAINBRIDGE ISLAND, a
Washington Municipal corporation, acting
through its Department of Planning and
Community Development, and Department of
Public Works, and MEGHAN McKNIGHT,
its Code Enforcement Officer, in her
individual capacity; BOB EARL, its Public
Works Director, in his individual capacity;
DARLENE KORDONOWY, its Mayor, in
her individual capacity; the STATE OF
WASHINGTON, DEPARTMENT OF
ECOLOGY; and KEVIN FITZPATRICK,
Water Quality Section Supervisor, in his
individual capacity; MEGAN WISDOM,
Stormwater Inspector, in her individual
capacity; RICHARD K. ROBOHM, Wetland
Specialist, in his individual capacity; and JAY
MANNING, Director, in his individual
capacity,

Defendant.

Case No. C07-5338 RBL

ORDER GRANTING DEFENDANTS'
MOTION FOR MORE DEFINITE
STATEMENT

THIS MATTER comes before the Court on Washington State Department of Ecology's (the State)

motion for a more definite statement (Dkt. 15).  The Court has considered the pleadings filed in support of

and in opposition to the motion and the entire file herein.

## BACKGROUND

This case was originally filed in Kitsap County Superior Court. (Dkt. 1).  Because plaintiffs stated

a claim under federal law, defendant City of Banbridge Island (Bainbridge) removed the action to this

Court on July 12, 2007. *Id.*

ORDER
Page - 1

1    On October 23, 2007, plaintiffs filed a forty-two page amended complaint. (Dkt. 11).  The parties

2    are described in the first five pages and include Bainbridge; three Bainbridge employees (individual

3    Bainbridge defendants), including the Mayor; the State; and four employees of the Department of Ecology

4    (individual State defendants).  The complaint includes a twenty-nine page statement of facts followed by

5    five pages alleging the following claims: (1) Bainbridge and the State violated RCW 64.40; (2)

6    Bainbridge and "Individual defendants" violated plaintiffs' federal civil rights including, without

7    limitation, procedural due process, substantive due process, and equal protection; (3) Bainbridge, the

8    State, and "Individual defendants" violated plaintiffs' rights under the Washington State Constitution

9    including, without limitation, procedural due process, substantive due process, and equal protection; (4)

10   Bainbridge city officials made negligent misrepresentations to plaintiffs; (5) Bainbridge acted negligently;

11   (6) promissory estoppel against Bainbridge; and (7) Bainbridge and "Individual defendants'" actions

12   constituted a civil conspiracy.

13   On November 19, 2007, Bainbridge and individual Bainbridge defendants filed their answer.

14   (Dkt. 14).

15   On November 20, 2007, the State and the individual State defendants filed this motion for a more

16   definite statement pursuant Fed. R. Civ. P. 12(e).  (Dkt. 15).  In its motion, the State and the individual

17   State defendants argue that the plaintiffs need to put forth specific, non-conclusory factual allegations so

18   that the individual State defendants' claims to qualified immunity can be adjudicated before discovery.

19   Specifically, the State requests the Court to order plaintiffs to correct the following defects: (1) plaintiff's

20   allege civil rights claims "without limitation;" (2) plaintiffs do not specify the identity of "Individual

21   defendants" when alleging claims; and (3) plaintiffs do not specify what acts taken by defendants violated

22   which of the plaintiffs' rights.

23   In the alternative, the State and the individual State defendants have requested a protective Stay of

24   Discovery until the issue of qualified immunity can be resolved. (Dkt. 18).

25   Plaintiffs oppose the Rule 12(e) motion because Fed. R. Civ. Pro. 8 requires only a "short and

26   plain statement of the claim" which, they say, is more than satisfied by the lengthy complaint and because

27   the State can use discovery to obtain the information it seeks. (Plaintiffs' Opposition Memorandum, Dkt.

28   17).

ORDER
Page - 2

1                              **DISCUSSION**

2   **A.    Legal Standard**

3        A pleading which sets forth a claim for relief must include a short and plain statement of the claim

4   to show that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Each averment of a pleading should

5   be simple, concise, and direct. Fed. R. Civ. P. 8(e)(1). A party may move for a more definite statement if

6   the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P.

7   12(e).

8        A motion for a more definite statement attacks the unintelligibility of a pleading, not the lack of

9   detail. *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E. D. Cal. 2005). While courts generally

10  disfavor motions for a more definite statement, *Cellars v. Pacific Coast Packaging, Inc.* 189 F.R.D. 575,

11  578 (N. D. Cal. 1999), a motion for more definite statement should be granted if the complaint fails to

12  give the defending party notice of the substance of the claim against them, *Beery v. Hitachi Home*

13  *Electronics (America), Inc.*, 157 F.R.D. 477, 480 (internal citations omitted). On the other hand, the

14  motion will be denied if a party is simply seeking details of the claim that can be obtained through

15  discovery. *Beery*, 157 F.R.D. at 480.

16       In cases involving public officials who may be entitled to qualified immunity, the court is more

17  likely to grant a Rule 12(e) motion. Qualified immunity is the right to be immune from suit.  *Mitchell v.*

18  *Forsyth*, 472 U.S. 511, 526 (1985). The question of whether a defendant is entitled to qualified immunity

19  must be resolved early in the proceedings to preserve this right.  *Id.* The Court must exercise its discretion

20  in order to prevent officials who may be entitled to qualified immunity from being subjected to

21  unnecessary and burdensome discovery. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see also,*

22  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (discovery should not be allowed until the threshold

23  immunity question is resolved). Exercising that discretion, the court may require the plaintiff to "put

24  forward specific, non-conclusory factual allegations" that would establish the defendant's improper

25  motive causing plaintiff's civil rights violation. *Crawford-El*, 513 U.S. at 598 (quoting *Siegert v. Gilley*,

26  500 U.S. 226, 236 (1991)).

27  **B.    Analysis**

28       Plaintiffs' first argue that this motion should be denied based on the fact that they have "more than

ORDER
Page - 3

1  satisfied" the short, plain statement required by Rule 8 by their lengthy complaint. (Dkt. 17). However, a
2  lengthy or detailed complaint may still be unintelligible and/or so vague that a defendant does not know
3  what claims he is defending against. The plaintiffs' complaint in this case, while it does specify some of
4  the legal claims in section IV-X, is mostly an extended and conclusory narrative which fails to match
5  specific factual allegations with the specific legal claims against the specific individual State defendants.

6      In their opposition brief (Dkt. 17), plaintiff argues that the State defendants have notice of the
7  claims against them based on their individual descriptions as a party and the general averments against the
8  State in paragraphs 3.35-3.63 or pages 21-34. Within those 13 pages, the Court only found that one of the
9  four individual State defendants is mentioned by name while a couple of the other individuals are alluded
10 to in passing. These passing references are insufficient put the individual defendants on notice regarding
11 what claims they are defending against.

12     Second, plaintiffs' argue that the motion should be denied because the individual State defendants
13 can obtain the information they need through discovery. While the Court would generally deny Rule
14 12(e) motion on those grounds, that argument does not carry the day when the defendants may be entitled
15 to immunity, which includes immunity from discovery.[1] *See Harlow*, 457 U.S. at 818.

16     The Court will, therefore, ORDER the plaintiffs to file and serve a More Definite Statement of
17 their claims under Rule 12(e). The Statement shall be made in the form of an Amended Complaint and
18 shall include simple, concise and direct averments regarding what actions each defendant took and why
19 those actions are unlawful, entitling plaintiffs' to their requested relief.

20     The individual State defendants have specifically requested that the defendants list all of the
21 constitutional violations being alleged under section 1983. In *McCalden*, the Ninth Circuit held that a
22 plaintiff is not required to state the statutory or constitutional basis for his claim, only the facts underlying
23 it. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223, (9th Cir. 1990). In *McHenry*, the Ninth
24 Circuit expanded on *McCalden*, holding that while a complaint is not defective for failing to designate the
25 statute or other law allegedly violated, the District Court has the discretion to require such detail as

26

27     [1] Plaintiffs argue that even if State employees are immune from suit it will not protect them from
28 discovery because the State's actions are still relevant to the Bainbridge defendants' liability. (Dkt. 17).
However, if the State defendants are granted qualified immunity, they would not bear the cost of discovery
conducted by Bainbridge defendants.

1 | appropriate in a particular case. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). The Court would
2 | be failing to preserve the substance of qualified immunity if it allowed plaintiff to raise new constitutional
3 | claims after the listed claims were disposed of on qualified immunity grounds. Consequently, plaintiffs
4 | must allege all of their constitutional claims and the facts supporting those claims in their Amended
5 | Complaint.

## CONCLUSION

The Court GRANTS the State Department of Ecology and the individual State defendants' Motion for More Definite Statement (Dkt. 15). The plaintiffs shall electronically file their Amended Complaint with simple, concise, and direct averments on or before January 11, 2008.


IT IS SO ORDERED.
Dated this 21ˢᵗ day of December, 2007.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5