HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SNELLER and SHERRY MILLS SNELLER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, et al,<br><br>Defendants. | **No. 3:07-CV-5338**<br><br>**CITY OF BAINBRIDGE ISLAND DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927**<br><br>**NOTED FOR: SEPTEMBER 12, 2008** |

## I.   INTRODUCTION

*Revenge is a kind of wild justice, which the more a man's nature runs to, the more ought law to weed it out.*

Francis Bacon, *Of Revenge*, Essays (1597-1625).  This case – an unwieldy collection of claims arising out of development of two residential lots on Bainbridge Island – merits sanctions under either Rule 11 or 28 U.S.C. § 1927.

This lawsuit is based on the efforts of Plaintiffs Jeffrey and Sherry Mills Sneller to develop and sell the two residential building lots despite the presence of wetlands.  After unsuccessfully pursuing various administrative remedies, the Snellers filed a nearly 50-page complaint including seven separate causes of action against the City of Bainbridge ("the City"), the State Department of Ecology ("Ecology"), and nine government officials in their personal capacities (three from the City of Bainbridge Island, and four from Ecology).

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 1
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

There are at least three independent reasons why sanctions are warranted, any one of which provides sufficient basis for the Court to rule in favor of the City Defendants.

First, many of the Snellers' causes of action are categorically without merit. For instance, in their Complaint,[1] the Snellers assert a cause of action for damages predicated on purported violations of the *State* constitution. This has not been a viable cause of action for almost 40 years. Second, several of the claims or causes of action are simply devoid of factual support or are based on facts which are palpably false. For example, the Snellers insist that they are the victims of a "conspiracy" between the City and the Ecology. There is no evidence – let alone clear and convincing evidence – to support this frivolous allegation.

Third, and perhaps most troubling, is the manner in which the lawsuit was brought. Mr. Sneller has made no effort to hide his animosity toward City of Bainbridge Island employees involved, openly slandering them at meetings and in local newspapers. Ironically, Mr. Sneller – in his own words – has explained exactly why he brought this lawsuit, and why it violates Rule 11. In a televised speech to a local activist group, the Kitsap Alliance of Property Owners, he explained:

> Now, you might say, what good [naming individual defendants]? What does it solve? Because, after all, their government is going to indemnify them and they have a big war chest. Well, that is not necessarily the case. These staff members apply for credit cards just like all of us. They apply for home loans and they apply for car loans. And when they have a lawsuit pending, every time you fill out that application, it says, "Are you a defendant in a lawsuit?" They better check that box… If you have a two- or three-million-dollar lawsuit pending against you as a defendant, you're not going to get a cell phone. **So that was the approach we took**.

*Declaration of Adam Rosenberg in Support of Partial Summary Judgment and Sanctions* ("*Rosenberg Decl.*"), at 9 (Sneller Tr. 14:11-14:25). City officials and employees were plainly named for the purpose of harassing them and their families.

Counsel for the City Defendants nearly begged the Snellers to dismiss these frivolous and harassing claims since late 2007. This includes several letters, e-mails, phone

---

[1] All citations to "Complaint" refer to the Snellers' October 23, 2007 Amended Complaint; any reference to the original complaint will be made expressly.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 2
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

calls, and even a face-to-face meeting. *Declaration of Michael C. Walter in Support of Partial Summary Judgment and Sanctions ("Walter Decl.")*, at 84-92. The Snellers have consistently stonewalled. Having provided them with the requisite safe harbor period – in addition to eight months of correspondence – the Defendants now respectfully request that the Court impose sanctions on Plaintiffs and their counsel, pursuant to Fed. R. Civ. P. 11(c). *See, Supplemental Walter Decl*. Specifically, the Defendants seek reimbursement for the fees and costs expended in defending against the Snellers' most frivolous claims.[2] *See, Defendants' Motion For Partial Summary Judgment.*

## II. RELEVANT FACTUAL BACKGROUND

A comprehensive factual statement can be found in the City Defendants' Motion For Partial Summary Judgment, served contemporaneously with this Motion and presently pending before the Court. That motion is incorporated by this reference, as are the underlying factual declarations from Meghan McKnight, Robert Earl, Mayor Kordonowy, Adam Rosenberg, and Michael Walter, and the exhibits attached to each.

For convenience, however, the following is a bulleted overview of the facts directly relevant to this Motion.

- The Snellers came to Bainbridge Island from California in 2004 with a view toward property development. *Complaint* ¶3.1. They purchased two interconnected parcels, the "Tolo Road parcel," and the "Battle Point parcel."

- A dispute with the City arose after the Snellers misrepresented the existence of a large wetland on one of the parcels, and then cleared much of it. *Walter Decl.*, at 13-29, 41.

- Messages exchanged by the parties demonstrate that the City was manifestly reasonable, offering the names and expertise of other officials who could provide additional assistance. By contrast, the Snellers were caustic and abusive. *McKnight Decl.,* at 9-24.

- The Snellers went so far as to slander City staff and the citizen who pointed out the wetland clearing in the local newspaper. *McKnight Decl.*, at 20-23.

---

[2] If the Court grants this motion, in whole or in part, the City of Bainbridge Island Defendants will submit attorneys' fee declarations and a cost bill itemizing the amount of attorneys fees and costs requested pursuant to this motion.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 3
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

- The Snellers ultimately brought this lawsuit, specifically naming several individuals. Many of these individuals had almost no dealings with the Snellers. *See, e.g., Earl Decl.*, at 4 ¶ 12.__ ("I could not pick the Snellers out of a line up"). Many of the individuals were *entirely omitted* from the factual allegations in the Snellers' Complaint. Two of these individuals, Mayor Kordonowy and Bob Earl had no legal or other authority to issue permits to the Snellers, make decisions on land use applications by the Snellers, impose conditions on the Snellers, or have any administrative or decisional authority over the Snellers or their property development. *See, e.g., Earl Decl., passim, and Kordonowy Decl., passim.*

- Last year, Mr. Sneller gave a televised speech about his grievances with the City of Bainbridge Island and its employees before the Kitsap Alliance of Property Owners. After likening these Defendants to the Salem "witch burners," Mr. Sneller explained why he named individuals. *Rosenberg Decl.*, at 8-9 (Sneller Tr. 14:3-14:10). He specifically stated that his goal was to harm the individuals' credit and tamper with their personal lives, to the point that they would cede to his land use demands. *Id.* (Sneller Tr. 14:11-14:25).

- In the lawsuit, many of the claims are either not cognizable (*e.g.,* "State Constitutional" damages claim) or utterly devoid of factual support, civil conspiracy claims, claims for punitive damages, etc.).

- Counsel for the City Defendants repeatedly contacted Plaintiff's counsel seeking dismissal of the meritless claims. It was pointed out that (1) the individuals were not necessary as a collection source, (2) harassment is not a proper purpose, and (3) many of the claims were without a factual and/or legal basis. *Walter Decl.*, at 84-92.

- The City Defendants made no secret of the fact that they would seek fees if put to the needless expense of motions practice. A meeting in this regard was even held. *Id.*

- Still, the Snellers refused to relent. Left with no other choice, this Motion was served on the Snellers' legal counsel on July 31, in accordance with Rule 11's "safe harbor" requirements. It was served contemporaneously with the City Defendants' Partial Summary Judgment Motion.

- Following two more letters and a proposed stipulation the Snellers would not relent. To the contrary, they continue to propound discovery on the individuals. *See, Supplemental Walter Decl.*

### III.   AUTHORITY AND ARGUMENT

**A.   <u>Rule 11 Standard</u>**

Fed. R. Civ. P. 11(b)(2), in pertinent part, provides:

By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney… certifies that to the best of the person's knowledge, information, and belief,

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 4
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

> formed **after an inquiry reasonable under the circumstances**…
>
> (2) the claims, defenses, and other legal contentions **are warranted by existing law or by a nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law;

Fed. R. Civ. P. 11(b)(2) (emphasis added). The Rule requires litigants to "stop-and-think" before initially making legal or factual contentions. *Id.*, Advisory Committee's Note (1993). The reasonable inquiry test turns on whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded. *Holgate v. Levinson*, 425 F.3d 671, 677 (9th Cir. 2005).

A central purpose of Rule 11 is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Ignorance or incompetence will not excuse an attorney from this obligation. *See, Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). Moreover, "one non-frivolous claim in a complaint does not immunize it from Rule 11 sanctions." *Holgate*, 425 F.3d at 677; *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990).

Mr. Sneller candidly admits that this lawsuit is not about being "made whole." And he further admits that the individual defendants were named as some sort of "Achilles heal," in hopes that the havoc it would wreak and emotional distress it would cause on their personal lives would inure to tactical advantage. Rule 11 is "aimed at curbing abuses of the judicial process such as this." *Cooter & Gell*, 496 U.S. at 397. There can be little doubt that where, as here, one who files a lawsuit for the purposes of harassment or annoyance **is** subject to sanctions. Fed. R. Civ. P. 11(b)(1).

The Snellers' lawsuit fails under either standard. Not only are several of the claims patently frivolous, but they were brought for improper purpose. Rule 11 is implicated. The City Defendants note that the Complaint, too, runs afoul of Rule 8(a) ("short and plain statement") and 11 U.S.C. § 1927 (unreasonably multiplying and expanding the litigation). This provides an alternative basis for sanctions.

**B.   The Snellers' Claims are Legally Frivolous**

**1.   The Snellers' State Constitutional Claim (Third Cause of Action, ¶¶ 6.1-**

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 5
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

### 6.4) is not Cognizable at Law.

Prosecuting baseless claims is a violation of Rule 11.  For example, in *Chambers v. American Trans Air*, 17 F.3d 998, 1006 (7th Cir. 1994), the plaintiff filed a claim under Title VII and sought liquidated and exemplary damages.  However, by its own terms, the statute did not allow for such damages.  In affirming the sanctions, the Court noted that – like counsel for the Snellers – the plaintiff's attorney was an accomplished practitioner.  However, that did not absolve him from the fact that "**every lawyer** must do the necessary work to find the law **before** filing the brief."  *Id*. at 1006-07 (citing *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986)) (emphasis added).

Here, the Snellers have alleged violations of the *Washington State* Constitution as grounds for recovery.  *See Complaint* ¶ 6.1-6.4.  This position has been roundly, conclusively, **and repeatedly** rejected.  *See, e.g.: Rahman v. Pierce County*, 2007 WL 2712994, 6 (W.D. Wash. 2007) (months ago, this Court upheld dismissal of claims by a magistrate because the Washington Constitution does not confer a private cause of action for money damages); *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001) ("In light of the lack of legislative guidance on this issue, and considering Washington courts' consistent refusals to recognize a cause of action in tort for constitutional violations," court upheld dismissal of plaintiff's state constitutional claim); *Reid v. Pierce County*, 136 Wn.2d 195, 213, 961 P.2d 333 (1998) (no private cause of action for State constitutional violation); *Spurrell v. Bloch*, 40 Wn. App. 854, 860-61, 701 P.2d 529 (1985) (same); *Systems Amusement, Inc. v. State*, 7 Wn. App. 516, 517-19, 500 P.2d 1253 (1972) (same).

Even a cursory investigation, let alone a "reasonable" one under Rule 11, would have shown that this damages claim does not exist.[3]  The Snellers refused to dismiss this non-cognizable claim, and it should be dismissed and sanctions imposed for asserting it.

---

[3] The Plaintiffs may argue that they seek a "good faith modification" to the law.  The Court need not indulge such an assertion.  First, the law is exceedingly well-settled on this point.  And, as the *Blinka* court made clear, it is the prerogative of the legislature to provide a cause of action for an alleged violation State Constitution.  *Blinka*, 109 Wn.2d at 591.  Moreover, a party may not shield a frivolous position from sanctions by claiming to seek a good faith modification to existing law.  *See*, Fed. R. Civ. P. 11(b)(2) (modification itself must be "nonfrivolous").

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 6
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

### 2. The Snellers' Conspiracy Claim (Seventh Cause of Action, ¶¶10.1-10.3) is Devoid of Legal Merit or Factual Basis.

The Snellers accuse the City of Bainbridge Island of entering into an illicit conspiracy with its own staff and the state Department of Ecology to harm them. To prevail on this "civil conspiracy" claim, they must prove *by clear and convincing evidence* that:

(1)  two of more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and

(2)  the conspirators entered into an agreement to accomplish the conspiracy.

*Newton Insurance Agency & Brokerage, Inc. v. Caledonian Insurance Group, Inc.*, 114 Wn. App. 151, 160, 52 P.3d 30 (2002). Mere suspicion or commonality of interests is insufficient to prove a conspiracy. *Allstar Gas*, 100 Wn. App. at 740. When the facts and circumstances are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient. *Id.*; *Lewis Pac. Dairyman's Ass'n v. Turner*, 50 Wn.2d 762, 772, 314 P.2d 625 (1957). Diligent research has failed to find any decisional law involving government or regulatory agencies and staff entering into a "civil conspiracy." This is for good reason. First, a municipal entity cannot "conspire" with its own agents. The City – a municipal corporation – is reliant on the individual defendants to act. Logically, it cannot conspire with those same individuals. *Corbit v. J.I. Case Comp.*, 70 Wn.2d 522, 528 FN 3, 424 P.2d 290 (1967); *Sample v. Morgan*, 2007 WL 4207790 (Del. Ch. 2007) at 11. Under the Snellers' logic, every wrongful act of a City would amount to a conspiracy.

However, even resolving this issue in favor of the Snellers, their conspiracy claim still fails. All of the actions alleged by the Snellers are consistent with the lawful, if not salutary, purpose of environmental protection, or public health, safety or welfare.[4] *Corbit v.*

---

[4] *See, e.g, Complaint* ¶ 3.60 ("The City continues to insist upon detailed contour and other information that is not appropriate in the context"); *Complaint* ¶ 3.60 ("The City's actions once again are delaying efforts to restore the wetland [because of] adherence by some staff members to the most stringent interpretation of the City Code."). Distilled down, the Snellers appear to dispute local and national wetland policy, not any wrongs specifically committed by the City Defendants.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 7
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

*J.I. Case Comp.*, 70 Wn.2d 522, 531, 424 P.2d 290 (1967) (claim for civil conspiracy must fail if defendants' actions are consistent with even a *plausible* lawful motive). To the extent that the individuals from the City and Ecology worked "in concert," it was calculated to prevent stormwater pollution and protect wetlands. In fact, City employees – the individual named Defendants herein (McKnight and others) – are *obligated* to work cooperatively in such matters. *McKnight Decl., pp.* 3-4*, passim*. The Snellers are free to disagree with the agencies' goals or manner in which they proceeded;[5] however, it is indisputably a lawful and authorized objective. *Id.* This cannot be squared with the Snellers' "conspiracy" claim. Cursory legal research – prior to filing the lawsuit – would have revealed as much.

## C.     The Snellers Have Brought Claims for an Improper Purpose

Under Rule 11, conduct is tested by an objective reasonableness standard; a showing of subjective bad faith is not required to trigger sanctions. Federal Procedure, 27A Fed. Proc., L. Ed. § 62:863 (2007). However, evidence of bad faith **is relevant** to establish an improper purpose under Rule 11 when available. *Id.*; *Brown v Federation of State Medical Bds.,* 830 F.2d 1429 (7th Cir. 1987) (emphasis added). Here, Mr. Sneller's overt statements, conduct and efforts at retribution leave little room for doubt.

### 1.     This Lawsuit is About Mr. Sneller's Vendetta.

Mr. Sneller's actions preceding this lawsuit suggest, if not make obvious, a vendetta against the government officials who applied or enforced the law on him. The following constitute a small sampling of Mr. Sneller's actions with regard to the individuals:

- He accused City officials of committing the arson on his Battle Point property, as well as "taking orders from the arsonist." *McKnight Decl.*, at 11.

- After receiving a notice of violation for clearing within a wetland buffer – demonstrating how seriously he took the violation – Mr. Sneller responded with an e-mail stating that he "did some more site clearing, but may have over done it a little." A picture of a desert was attached. *McKnight Decl.*, at 16-17.

- After being asked by the City to install adequate erosion controls, Mr. Sneller responded that "we intend to do absolutely nothing with respect to the Tolo Road property." He copied his response to Bill O'Reilly, Sean Hannity, and a number of other media outlets. *McKnight Decl.*, at 9.

---

[5] This is to say nothing of the obvious dearth of evidence with regard to the elements of the claim.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 8
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

- He accused the Bainbridge Island records clerk of engaging in "official misconduct" and withholding his FOIA request for "political reasons." *McKnight Decl.*, at 18-19.

- He took out a full page ad in the Bainbridge Review newspaper slandering Defendant Meghan McKnight. No regard was paid to the fact that she and her family (including school-age child) are City residents. *McKnight Decl.*, 20.

- He placed a second ad in the Bainbridge Review attacking Kim Brackett, the person who reported his wetland clearing. Ms. Brackett was accused of (1) causing the Battle Point arson (again), (2) causing the City's "litigation crises," (3) "discrediting the environmental movement," and (4) was ultimately likened to Mike Nyfong, of the Duke lacrosse scandal. *McKnight Decl.*, 21-23.

These examples, alone, create a nearly inescapable inference of bad faith.

But, going one step further, Mr. Sneller **explains** his motives on television. This lawsuit was unabashedly brought to personally harass the individuals and harm their credit. *Rosenberg Decl.*, at 9 (Sneller Tr. 14:11-14:25). He "took this approach" so that city staff would be unable to get financing for cars or cell phones as "defendants in a multimillion dollar lawsuit." Indeed, he openly admitted that his claims against the individual Defendants is not about money. *Id.* ("…their government is going to indemnify them [anyway].").[6] The only thing more striking than how blatantly this violates Rule 11 is Mr. Sneller's openness about it.

### 2. The Court has Already Commented on the Burdensome Nature of this Litigation.

Under Rule 8(a), a Complaint *must* contain "a **short** and **plain** statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). *See also United States el rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (affirming dismissal of plaintiff's verbose complaint because "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter").[7]

---

[6] In this regard, Mr. Sneller is correct. This is not a case in which monetary recovery hinges on individual liability. Either the Department of Ecology or the City could readily satisfy any conceivable judgment arising out of the facts of this case. The choice to haul individuals into Court plainly had nothing to do with redress.

[7] The *Kuehl* court affirmed a dismissal with prejudice on this basis. *Kuehl*. 8 F.3d at 909. In so doing, they cited the time and expense the defendants incurred in responding to the "defective complaint." *Id.* at 908 (citing *Newman v. Commonwealth of Mass.*, 115 F.R.D. 341, 344 (D.Mass.1987)). The complaint in *Kuehl* is the same length as the Snellers' complaint.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 9
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

Here, the Snellers' Complaint is not "short." To the contrary, it contains approximately **120 separately numbered paragraphs** of hyperbole and half-truths.[8] Indeed, this Court has already granted Ecology's motion for a more definite statement. Such relief is generally disfavored. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); however, in light of the Snellers' burdensome Complaint, it was warranted (C.f. Order Granting Mot. For More Definite Statement, December 21, 2007). The Court characterized the Snellers' Complaint as follows:

> The plaintiffs' complaint in this case… is mostly an extended and conclusory narrative which fails to match specific factual allegations with the specific legal claims…

*Id*. at 4. The Snellers were ordered to amend their Complaint, consistent with Rule 8, to include "**simple, concise, and direct** averments." *Id*. (emphasis in original).

This is generally considered evidence of bad faith:

> [The violation] of Rule 8, suggests that plaintiff's complaint, and the instant suit as a whole, was brought for the purpose of harassing defendants or the court, causing unnecessary delay and/or needlessly increasing the cost of litigation in violation of Rule 11(b)(1).

*Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F.Supp.2d 1316, 1333 (2006). Furthermore, had the Snellers had their way, the individuals would have been forced into expensive discovery to simply decipher the nature of the accusations, rendering qualified immunity meaningless.[9] One cannot help but notice how well this strategy dovetails with

---

[8] For example:
- *The City determines site conditions by physical inspection, and does not take the word of an applicant or property owner. Complaint* ¶3.8. At the time of the events giving rise to this lawsuit, the City did not physically inspect every applicant's property. *See McKnight Decl.*, at 2, ¶ 6.
- *Mr. Sneller was not provided with any assessment, nor with any field notes. Complaint* ¶3.6. Mr. Sneller did, in fact, receive an assessment by Wiltermood Associates ("the wetland specialists") prior to purchasing the property. He used it to leverage the selling price downward. *See Walter Decl.*, at 29, 51.
- *At the review meeting, Mr. Sneller reiterated his desire to work cooperatively with the City…. Complaint* ¶3.25. In reality, Mr. Sneller refused to attend his own meaning and stormed out, but not before accusing one of the attendees of arson. *See Walter Decl.*, at 75-76. Moreover, his idea of "working cooperatively" took the form of an ultimatum, whereby he would only agree remediation of his damage to the wetland if the City paid for it, as well as paid for his consultant and attorneys' fees. *Walter Decl.*, at 70.
- *The City Code Enforcement Officer… falsely claim[ed] to other City employees and state and federal agencies that Mr. Sneller was uncooperative and that he intended to take "no action"…. Complaint* ¶3.34. Mr. Sneller, tellingly, does not volunteer his email to the government officials stating, verbatim, that he planned to take "no action." *See McKnight Decl.*, at 9.

[9] The Plaintiffs have made no secret of this strategy, openly threatening that "This is not a case… where early dispositive motions will protect State employees from substantial discovery" (Pls' Opp. To Mot. For More

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 10
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

Mr. Sneller's earlier threats toward the individual defendants.

**D.** **28 U.S.C. § 1927 Provides an Alternative Basis for Sanctions**

The Snellers have unnecessarily multiplied the litigation. 28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. As a threshold matter, the Snellers filed a burdensome and ambiguous Complaint and put the individual Defendants to the expense wading through it. This was, in and of itself, inappropriate

But even more fundamentally, dragging individuals into the litigation in the first place violated 28 U.S.C. § 1927. There can be no dispute that the addition of the individual Defendants was unnecessary as a monetary recovery source. Rather, as Mr. Sneller himself articulated, they were brought into the litigation in hopes that this lawsuit would interfere with their personal lives (and that of their families), such that the City would be cede to his land use and permitting demands.

Worse yet, most of the individuals named were entirely omitted from the lengthy Complaint. The Snellers had no trouble hauling Mr. Earl and Mayor Kordonowy into Court, yet, they are unable to articulate in the Complaint any actual wrongdoing on their part. By adding them, the Snellers unreasonably complicated and expanded the litigation as proscribed by 28 U.S.C. § 1927.[10]

**D.** **The City Defendants Have Made Repeated Requests to the Snellers' Attorneys to Dismiss the Individual Defendants and Frivolous Claims, to no Avail**

Lastly, the City Defendants note that the filing of this Motion was not a step taken lightly. To the contrary, this Motion was a last resort. The City Defendants gave the

---

Definite Statement, at 5).
[10] *See Medical Supply Inc. v. Neoforma, Inc.*, 419 F.Supp.2d 1316 (D. Kan. 2006), *appeal dismissed* 2007 WL 3408663 (10th Cir. 2007) (sanctions appropriate under 28 U.S.C. § 1927 and Rule 11 for bringing burdensome complaint alleging claims unsupported claims).

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 11
Cause No. 3:07-CV-5338

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

Snellers *excessive* time and notice of their pleading deficiencies before filing this Motion. Ignoring the weight of authority, the Snellers received at least **five written communications**, dating back nearly eight months, imploring them to reconsider their position. For example:

- E-mail follow up with telephone conference regarding dismissal to avoid need for Rule 11 Motion. (January 17, 2008)

- Letter regarding dismissal, which had been postponed at the Snellers' request. (March 18, 2008)

- Letter encouraging dismissal of frivolous claims and referencing Defendants' disinclination to resort to briefing. (June 4, 2008)

- Email with formal memorandum of frivolous positions to dismiss or Defendants would proceed with Rule 11 Motion. (July 1, 2008)

- Final letter seeking dismissal of frivolous claims and individuals. (July 11, 2008)

*Walter Decl.,* at 84-91. They ignored these requests, and expensive briefing was precipitated. Then, further requests after summary judgment were, too, ignored. *Supp. Walter Decl.*

The Court cannot undo all the distress (purposefully), stress, time and expense caused by the Snellers in bringing this lawsuit. *See generally Declarations of McKnight, Earl,* and *Kordonowy.* But, at minimum, they should bear the expense of its dismissal.

### III.   CONCLUSION

The Bainbridge Island Defendants respectfully request that the Court enter the proposed Order Granting Defendants' Motion for Sanctions, attached herewith.

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 12
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

DATED this 22nd day of August 2008.

        KEATING, BUCKLIN & MCCORMACK, INC., P.S.

/s/
Michael C. Walter, WSBA #15044
Adam L. Rosenberg, WSBA #39256
Attorneys for Defendants
800 Fifth Avenue, Ste. 4141
Seattle, WA 98104
206-623-8861 (phone);   206-223-9423 (fax)
mwalter@kbmlawyers.com

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 13
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edmund Kamai (attorney for Plaintiffs)
Joan Marchioro (attorney for State Dept. of Ecology)
D. Thomas Wendel (attorney for State Dept. of Ecology, Kevin Fitzpatrick, Megan Wisdom, Richard K. Robohm and Jay Manning)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
s/_____
Michael C. Walter, WSBA #15044
Adam L. Rosenberg, WSBA #39256
Attorney for Defendants
800 Fifth Avenue, Suite 4141
Seattle, WA 98104
Ph: (206) 623-8861
Fax: (206) 223-9423
rebberson@kbmlawyers.com

BAINBRIDGE ISLAND DEFENDANTS'
MOTION FOR SANCTIONS - 14
Cause No. 3:07-CV-5338

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861   FAX: (206) 223-9423