HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JEFFREY SNELLER and SHERRY MILLS SNELLER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, et al.,<br><br>Defendants | No. C07-5338 RBL<br><br>ORDER ON PENDING MOTIONS |

This matter is before the court on the following motions: (1) Defendants' Motion for Partial Summary Judgment [Dkt. #30]; (2) Plaintiffs' Motion to Amend their Complaint [Dkt. #36]; and (3) Defendants' Motion for Sanctions [Dkt. #40 ]. The Motions are related. For the resons set forth below, the Court GRANTS the Motion for Partial Summary Judgment; DENIES the Motion to Amend; and GRANTS the Motion for Sanctions.

ORDER - 1

This case arises out of the purchase and attempted development of two view lots on Bainbridge Island. The purchasers, Plaintiffs Jefferey Sneller and Sherry Mills Sneller, have sued the City of Bainbridge Island and several of its employees on a variety of statutory claims and claims based on the United States and Washington Constitutions. All relate to development work that was commenced by the Plaintiffs and stopped by the City due to wetlands on one of the parcels.

The Defendants seek summary judgment on all of the Plaintiffs' claims against the individual Defendants (who are employees of the City of Bainbridge Island), on Plaintiffs' State law Constitutional claims, and on their civil conspiracy claims. [Dkt. #30]

The Plaintiffs do not oppose the dismissal of these parties and claims from their lawsuit. However, in lieu of summary judgment, they propose filing a Third Amended Complaint which does not include the individual defendants, the state law Constitutional claims, or the civil conspiracy claims. In effect, the Plaintiffs seek to have these claims and parties dismissed without prejudice. Plaintiffs' proposed Third Amended Complaint also adds new state law tort claims for intentional interference with a business expectancy and outrage.

Defendants oppose the Plaintiffs' motion to Amend. They argue that they are entitled to dismissal with prejudice of the claims and parties which were the subject of their own Motion for Partial Summary Judgment. With respect to the Plaintiffs' proposed new claims, Defendants argue that they will suffer prejudice if Plaintiffs are permitted to add new claims at this late date, when discovery has been, or will shortly be, completed.

Defendants also argue they are entitled to sanctions in an amount reflecting the attorneys' fees they spent on their initial motion. The Defendants claim they repeatedly sought the Plaintiffs' cooperation in dismissing the claims and parties at issue, and advised them that a

ORDER - 2

dispositive Motion was forthcoming, and of their intention to seek sanctions under Rule 11 if they were forced to file the Motion to dispose of the claims.

In support of their dispositive Motion and their corresponding Motion for Sanctions, the defendants point to the following facts, which are supported in the record:

(1) the claims against the individual Defendants were baseless from the beginning;

(2) Mr. Sneller explained in a speech entitled "Man on Fire" his reasoning in naming the individual defendants, and that his purpose was improper;

(3) the Plaintiffs refused to concede the claims were improper until the Defendants spent time and attorneys' fees in preparing the Motion; and

(4) the Plaintiffs then agreed to dismiss the claims, but sought to avoid dismissal with prejudice by amending their complaint to accomplish what the Defendants had been seeking all along.

Plaintiffs oppose the Motion for Sanctions by arguing, correctly, that Mr. Sneller is entitled to his opinions, and that the First Amendment protects his right to share those opinions. He claims that the reasoning he articulated in his "political speech" was hyperbole or "common puffery," and that in addition to these stated reasons, he had legitimate bases for suing the individual defendants in their individual and official capacities.

The Court will address each Motion in turn.

**A. Motion for Partial Summary Judgment.**

The Defendants' Motion for Partial Summary Judgment is GRANTED. Plaintiffs do not substantively oppose the Motion, and it is well taken. The Plaintiffs' claims against the moving individual defendants, their state law constitutional claims, and their civil conspiracy claims are DISMISSED WITH PREJUDICE.

ORDER - 3

**B. Motion to Amend.**

To the extent the Plaintiffs' proposed amended Complaint sought to address the claims and parties dismissed above, it is DENIED as MOOT. Plaintiffs also seek to amend their complaint to add two new causes of action they allege "arise under the same set of facts" as those asserted in their current [Second Amended][1] complaint. The Plaintiffs' proposed claim for intentional interference is based on their assertion that an unnamed city employee dissuaded a potential buyer from purchasing one of the Plaintiffs' properties. Their outrage claim is based on their assertion that they have suffered severe emotional distress as the result of the city's actions.

Fed R. Civ. P. 15, as the Plaintiffs urge, permits liberal amendment of pleadings when justice so requires. Fed.R.Civ.P. 15(a). The underlying purpose of this rule is to facilitate the deciding of cases on the merits rather than on the pleadings or technicalities. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). However, in certain instances, a court may deny a party's request to amend the pleadings. In determining whether to permit or deny a party's request to amend its pleadings, the court considers four factors: (1) bad faith on the part of the party requesting to amend the pleadings; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants argue that the Plaintiffs' Motion to amend (to the extent it adds, rather than removes, claims and parties) should be denied on each ground. They point out that the Plaintiffs

---

[1] Defendants point out that this allegation is undermined by the claim, in Plaintiffs' Reply [Dkt. #51], that the claims were "born of some new developments not foreseeable at the time of the Original Complaint." Specifically, the intentional interference claim is based upon an alleged incident in August 2008. Mr. Sneller's real estate agent allegedly told him that buyers had been dissuaded from purchasing the "Tolo Road" parcel by an unnamed city employee, who allegedly told the prospective buyer that he would "never be able to build on that property." The facts supporting the outrage claim are not detailed.

have offered no reason for waiting until the eve of the discovery cutoff to add claims they knew about from the time they filed this complaint more than a year ago, and at the time of each of their prior amendments. This delay is "undue" and is evidence of a lack of good faith in the proposed amendment.

Defendants also argue that they will be prejudiced if the Plaintiffs are permitted to add new claims at this stage. Plaintiffs do not dispute this, but suggest that "a short extension" of the discovery period could cure any prejudice.

The factual basis for the intentional interference claim is, despite Plaintiffs' argument to the contrary, different than that supporting the Plaintiffs' existing claims. Discovery into exactly who said what to whom, and with what effect on the Plaintiffs' plans and ability to sell the Tolo Road parcel has not been commenced, much less completed, and the discovery cutoff is September 29. Similarly, the evidence supporting Plaintiffs' outrage claim – particularly the damages portion of that claim, which is likely to require expert medical testimony – has not been sought or produced. Discovery into these issues and the likelihood of dispositive or other Motions resulting from the facts discovered would require more than a short extension of the discovery period.

The Court agrees that the proposed Amendment would unduly prejudice the Defendants.

Finally, the Defendants argue that amendment to add the two proposed claims would be futile. First, as to the intentional interference claim, it is true that the "evidence" of the claim submitted thus far is hearsay upon hearsay. While it is not necessary to "prove" a prima facie case at the pleading stage, the Plaintiffs have not made any evidentiary showing on any of the basic elements of this claim.

As to the outrage claim, the Defendants suggest that it is based on a heart attack allegedly suffered by Mr. Sneller in or about 2006. This was prior to the filing of the initial Complaint, and Defendants claim without rebuttal that evidence of it has not been produced. In any event, even if proven, the facts alleged do not rise to the level of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." See *Grimsby v. Samson*, 85 Wash. 2d 52, 59, 530 P.2d 291 (1975).

The Motion to Amend is therefore DENIED.

**Motion for Sanctions.**

Defendants seek sanctions under Rule 11 or 28 U.S.C. § 1927 for the Plaintiffs' naming of the individual defendants in their initial Complaint for improper purposes, and for forcing the Defendants to Move for Summary Judgment in order to have them dismissed. Fed. R. Civ. P. 11(b)(2), in pertinent part, provides:

> By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney…
>
> certifies that to the best of the person's knowledge, information, and belief formed **after an inquiry reasonable under the circumstances**…
> (2) the claims, defenses, and other legal contentions **are warranted by existing law or by a nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law[.]

The Rule requires litigants to "stop-and-think" before initially making legal or factual contentions. Plaintiffs argue that Mr. Sneller's published comments about why he sued the individual defendants (in essence,, to make their lives more difficult in terms of credit, cell phone, and job applications) are an exercise of his free speech rights, and that his was a political speech containing the usual "puffery."

ORDER - 6

While it is true that Mr. Sneller enjoys a Constitutional right to Free Speech, the First Amendment does not permit him to bring demonstrably, perhaps even admittedly, frivolous claims against individuals for improper purposes. He has not, and in the Court's view cannot, articulate a proper purpose for his naming of these individuals. To the contrary, in making his political speech he admitted the true reason he did so. The court is particularly persuaded by the DVD "Man on Fire" submitted by the Defendants [*See* Rosenberg Dec. at Dkt. #34 and exhibits thereto]. It is also clear that the Defendants gave the Plaintiffs more than ample and fair warning of their intention to seek sanctions if the individuals were not dismissed [*See* Walter Dec. at Dkt. #41 and exhibits thereto].

The Plaintiffs' suit against the Individual defendants was frivolous and in violation of Rule 11 as well as 28 U.S.C. § 1927. The appropriate sanction is an award of attorneys' fees incurred by the Defendants in Moving for Summary Judgment and for Sanctions. These fees could and should have been avoided. The Motion for Sanctions [Dkt. #40] is GRANTED. Upon a showing of the fees and costs so incurred, the court will enter an order awarding these sanctions against the Plaintiffs AND their attorneys, jointly and severally.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 7