HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY SNELLER and SHERRY MILLS SNELLER, husband and wife,

Plaintiffs,

v.

CITY OF BAINBRIDGE ISLAND, et al,

Defendants.

Case No. 07-05338 RBL

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INCOME TAX RETURNS

THIS MATTER is before the Court upon Defendants' Motion to Compel discovery from Plaintiffs Sneller. [Dkt. # 47]. For the reasons stated below, Defendants' Motion to Compel Income Tax Returns is GRANTED. Plaintiffs' request for a protective order is GRANTED IN PART and DENIED IN PART. Defendants' request for sanctions is DENIED.

**I.  MOTION TO COMPEL**

This case arises out of the purchase and attempted development of two view lots on Bainbridge Island. The purchasers, Plaintiffs Jefferey Sneller and Sherry Mills Sneller, have sued the City of Bainbridge Island and several of its employees on a variety of statutory claims based on the United States and Washington Constitutions. All relate to development work that was commenced by the Plaintiffs and stopped by the City due to wetlands on one of the parcels.

Plaintiffs used their own capital to purchase and develop properties which they "turned" within six to nine months of acquiring them. Plaintiffs allege consequential damages as a result of the Defendants' actions, stating that the Plaintiffs have been precluded from using resale funds to finance new projects, have been forced

ORDER
Page - 1

to "pass" on a number of new business opportunities, and have suffered damage to their business and professional reputations. [Dkt. # 21, Second Amended Complaint, ¶ 3.62].

As part of discovery, Defendants requested income tax returns for the years 1997 through 2007. Plaintiffs failed to produce the income tax returns requested under RFP 4, and on September 8, 2008, Defendants filed a Motion to Compel Income Tax Returns. [# 47]. Plaintiffs filed an untimely response to Defendants' Motion to Compel and requested, if the Court compels production of their tax returns, that the Court also grant a protective order. [Dkt. # 59]. Defendants filed a global reply to the Plaintiffs' untimely submissions and requested that the Court sanction Plaintiffs by awarding Defendants reasonable attorneys' fees associated with Defendants' Motion to Compel. [Dkt. # 61].

## II. DISCUSSION

### A. Tax Returns

The Federal Rules of Civil Procedure permit broad discovery "regarding any matter, not privileged, that is relevant to the claims or defense of any party. Fed. R. Civ. P. 26(b)(1). Even if relevant material is inadmissible at trial, it is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Although there is a public policy against the unnecessary public disclosure of tax returns, tax returns "do not enjoy an absolute privilege from discovery." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Thus, some courts have utilized a two-part test to determine whether it is appropriate to compel the production of income tax returns. Courts must find that (1) the tax returns are relevant, and (2) "there is a compelling need for the returns because the information contained therein is not otherwise readily attainable." *United States v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988); *See also*, *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

In this case, the returns are discoverable because they are both (1) relevant, and (2) the information contained therein is not otherwise readily attainable by the Defendants. The Snellers' financial information contained within their tax returns is relevant because it will tend to prove or disprove the Plaintiffs' allegations of consequential damages. The Snellers used personal capital to finance their development business, and the personal financial information contained within their tax returns will show how much the Plaintiffs either made or lost through their development business on similar deals in the past. Also, Plaintiffs have made specific allegations in their complaint that relate to their personal financial circumstances. Examples of such allegations

include the statements that Plaintiffs were forced to forego other business opportunities, that Mr. Sneller is not independently wealthy, and that Mr. Adam Sneller advised a DOE employee that Mr. Sneller was unable to fund the installation of additional temporary erosion controls unless the project was in construction. [Dkt. # 47].

The tax returns pass the test articulated by the court in *Bonanno* because, in addition to being relevant, the information contained within the Plaintiffs' tax returns is not otherwise readily attainable by the Defendant. The Plaintiffs have articulated no other source in which the Plaintiffs' personal financial information may be contained, and have not offered to provide the Defendants with any such source. The Defendants' Motion to Compel Income Tax Returns is therefore GRANTED.

The Plaintiffs also argue that if the Court grants the Defendants' Motion to Compel, its order should be limited to the returns filed for years 2005, 2006, and 2007. The Plaintiffs' tax returns for the years 1997 through 2007, as requested by RFP 4, are relevant to the issue of consequential damages. The tax returns demonstrate the Plaintiffs' financial position at the time they purchased the lots in question, and provide a comprehensive picture of the amount of money the Plaintiffs made or lost on previous real estate development transactions. This information is relevant to the determination of whether the Plaintiffs suffered consequential damages, and if so, the amount of such damages. The Plaintiffs' motion to limit RFP 4 to tax returns from years 2005, 2006, and 2007 is therefore DENIED.

### B.  Protective Order

Plaintiffs seek a protective order preventing Defendants from obtaining "*private, non-litigation-related financial information*" within the Plaintiffs' tax returns. [Dkt # 58]. Plaintiffs must produce all information contained within their tax returns, as their personal financial information is relevant to this matter. Plaintiffs' motion to limit the production of certain information contained within the Plaintiffs' tax returns is therefore DENIED.

Plaintiffs also seek a protective order for any tax returns for which the Court compels production. Plaintiffs filed a Proposed Protective Order as a part of their request. [Dkt. # 60]. In order to address the Plaintiffs' privacy concerns, the Court hereby GRANTS IN PART Plaintiffs' Motion for a Protective Order,

and orders the following:

1. **Protective Order.** Plaintiffs' Tax Returns filed in the years 1997 through 2007 (hereinafter "Plaintiffs' Tax Returns") shall be used solely in the preparation or trial of this litigation.

2. **Applicability of Protective Order**. This Protective Order shall apply to any documents or portions thereof composing Plaintiffs' Tax Returns. This Protective Order is binding upon the parties to the litigation, and their respective counsel, agents, representatives, officers, employees, experts, witnesses and others as set forth in this Order.

3. **Disclosure Prohibited.** Plaintiffs' unredacted tax returns or the substance or context thereof, including any copies, notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized by Defendants to anyone other than those persons involved in the preparation or trial of the litigation. However, Plaintiffs may disclose Plaintiffs' Tax Returns at their discretion.

3. **Filing Under Seal.** If the parties include Plaintiffs' Tax Returns or any portion thereof in materials filed with the Court, the parties should take all reasonable steps necessary to file such material under seal, in accordance with Fed. R. Civ. P. 26(c)(7) and Local Rules W.D. Wash. CR 5(g).

The Court will entertain a more complete protective order consistent with the terms of this order.

**C. Sanctions**

The Defendants request that the Court award reasonable attorneys' fees associated with their Motion to Compel. Defendants' Motion for sanctions is DENIED. However, the Court recognizes a pattern developing in the behavior of Plaintiffs during discovery and warns counsel that this Order, and future orders of the Court, should be strictly followed in order to avoid the imposition of sanctions.

### III. Conclusion

Defendants' Motion to Compel the production of Plaintiffs' tax returns from year 1997 through year 2007 is GRANTED. Plaintiffs shall produce the requested returns no later than the close of business (5:00 p.m.) on October 15, 2008. If Plaintiffs have not filed an income tax return for 2007, it must be produced within five days of its filing. Plaintiffs' request that the Court issue a Protective Order is GRANTED IN PART and DENIED IN PART. The Defendants' request for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated this 7th day of October, 2008.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE